# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

DELMAR POLSTON,
ADC #157574                                                                                          PLAINTIFF

V.                                            3:14CV00107 KGB/JTR

KRISTIE STANKIEWICZ,
LPN, Mississippi County Detention Center                                       DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff, Delmar Polston, is a prisoner in the Arkansas Department of Correction ("ADC"). He has filed this *pro se* § 1983 action alleging that, while he was a pretrial detainee at the Mississippi County Detention Center ("MCDC"), Defendant LPN Kristie Stankiewicz failed to provide him with constitutionally adequate medical care for recurrent ear infections.[1] Plaintiff brings this claim against Defendant in her personal capacity only. *Doc. 2*.

Defendant has filed a Motion for Summary Judgment, and Plaintiff has filed a Response. *Docs. 15, 16, 17, 21, 22, & 23.* Thus, the issues are joined and ready for disposition. For the following reasons, the Court recommends that Defendant's Motion for Summary Judgment be granted, and that this case be dismissed, with prejudice.[2]

## II. Facts

The facts, viewed in the light most favorable to Plaintiff, are as follows:

---

[1] The Court has previously dismissed all other claims and Defendants. *Docs. 6 & 14.*

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

1.      On October 23, 2013, Defendant began working at the MCDC where she reviewed the detainee's medical care request forms and medical grievances; examined prisoners; referred detainees to the jail doctor, when necessary; and dispensed medications prescribed by the jail doctor. *Doc. 17, Exs. 1 & 2.*

2.      On November 1, 2013, Plaintiff filed a medical care request form seeking treatment for ear pain and drainage.[3]  Defendant, who is not licensed to prescribe medications, scheduled an appointment with the jail doctor. *Id.*

3.      On November 4, 2013, Plaintiff was examined by the jail doctor, who diagnosed Plaintiff with an ear infection.  The doctor treated that condition with ibuprofen, oral steroids, and a ten-day course of oral antibiotics. *Id.*  He also referred Plaintiff to an ENT for further evaluation. *Id.* Defendant administered those medications and obtained the first available appointment with an ENT, which was January 2, 2014. *Id.*

4.      On November 6, 2013, Plaintiff filed a grievance alleging that he was not receiving his prescribed ear drops. Defendant responded to that grievance by explaining to Plaintiff that the doctor had prescribed *oral medications*, and not drops. *Id.*

5.      On December 25, 2013, Plaintiff filed a grievance alleging that he was

---

[3] The MCDC's "Detainee Sick Call" policy requires detainees seeking medical care to complete a "medical care request form." *Doc. 17, Ex. 4 at 1.*

having ear pain. In response, Defendant scheduled an appointment with the jail doctor for December 27, 2013. It is unclear why the jail doctor did not see Plaintiff on that day. *Id.*

6. On January 2, 2014, Plaintiff was examined by a private ENT, who diagnosed Plaintiff with an ear infection. The ENT treated that condition with a ten-day course of oral antibiotics, antibiotic drops, and naproxen. He did *not* recommend surgery or a follow-up appointment. Defendant administered the medications to Plaintiff as prescribed by the ENT. *Id.*

7. On February 16, 2015, the jail doctor examined Plaintiff's ears, which were clear and showed no signs of infection. *Id.*

8. On March 6, 2014, Plaintiff saw the jail doctor about ear pain. The jail doctor diagnosed Plaintiff with an ear infection, which he treated with a fourteen-day course of oral antibiotics and naproxen. Defendant administered those medications. *Id.*

9. On April 2, 2014, Plaintiff filed a grievance complaining of ear pain. A non-party jailer wrote on that grievance that "the nurse has been notified." *Id., Ex. 2 at 10.* However, Defendant avers, in her sworn affidavit, that she was never told about that grievance or otherwise informed that Plaintiff needed medical care for an ear infection at that time. *Id., Ex. 1.*

10. On April 16, 2014, the jail doctor noted that Plaintiff's ear was clear and that there were no signs of infection. *Id., Exs. 1, 2, & 3.*

11. On April 22, 2014, Plaintiff filed a grievance complaining of ear pain and drainage. Defendant responded to that grievance by explaining to Plaintiff that his ears were clear the prior week during his examination with the jail doctor. She then instructed Plaintiff to file a medical care request form, and not a grievance, if he wanted medical treatment for ear pain. *Id.*

12. On May 3, 2014, Plaintiff told the jail doctor that he had experienced recurrent ear infections since childhood. The jail doctor diagnosed Plaintiff with an ear infection, which he treated with a fourteen-day course of oral antibiotics. Defendant administered those medications. *Id.*

13. On May 10, 2014, the jail doctor examined Plaintiff and noted that his ears were clear of infection. *Id.*

14. On May 21, 2014, Plaintiff filed a medical care request form seeking ear drops. The following day, Plaintiff was seen by the jail doctor who added prescriptions for antibiotic ear drops and naproxen. Defendant administered those medications. *Id.*

15. On June 9 and 12, 2014, Defendant and the jail doctor examined Plaintiff separately and determined that his ear infection was resolved. Plaintiff did not

complain of ear pain for the remainder of his confinement at the MCDC. *Id.*

16.     On July 28, 2014, Plaintiff was transferred from the MCDC to the ADC. *Id. at Ex. 5.*

### III. Discussion

Defendant argues that she is entitled to qualified immunity on the inadequate medical care claim raised against her. The Court agrees.

Qualified immunity protects government officials from liability for monetary damages in a § 1983 action unless, at the time of the alleged violation, their conduct violated a clearly established federal statutory or constitutional right of which a reasonable person would have known. *Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2080 (2011). Defendant is entitled to qualified immunity unless: (1) the supported facts, viewed in the light most favorable to Plaintiff, show that she violated a constitutional right; and (2) that constitutional right was clearly established at the time of the alleged violation. *Id.; Livers v. Schneck*, 700 F.3d 340, 350 (8th Cir. 2012).

Keeping these principles in mind, the Court concludes that Defendant is entitled to qualified immunity because there is no evidence that she violated Plaintiff's right to receive constitutionally adequate medical care. Specifically, to proceed with that claim Plaintiff must have evidence that: (1) he had an objectively serious medical need; and (2) Defendant subjectively knew of, but was deliberately indifferent to, that

objectively serious medical need.[4] *See Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). As to the second prong, it is clear that negligence, gross negligence, and a mere disagreement with the course of care are insufficient. *Langford,* 614 F.3d at 460; *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Instead, deliberate indifference "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998).

Here, the parties agree that Plaintiff's recurrent ear infections were an objectively serious medical need. Plaintiff, however, has failed to produce *any evidence* demonstrating that Defendant was deliberately indifferent to his need for medical treatment for that condition. To the contrary, the *unrebutted evidence* demonstrates that Defendant promptly scheduled an appointment with the jail doctor each time Plaintiff complained of ear pain, and that she properly administered the medications prescribed by the jail doctor and ENT.[5]

---

[4] The deliberate indifference standard applies to inadequate medical care claims raised by convicted prisoners under the Eighth Amendment, as well as pretrial detainees, under the Fourteenth Amendment. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).

[5] Contrary to the assertions in Plaintiff's Complaint, the unrebutted medical evidence establishes that the ENT did *not* prescribe antibiotic ear drops or recommend that he have ear

In an effort to defeat summary judgment, Plaintiff argues that Defendant was deliberately indifferent when she failed to promptly carry out the jail doctor's November 6, 2013 referral to a private ENT. However, Defendant avers, in her sworn affidavit, that January 2, 2014, was the first available appointment provided by the ENT's office. Plaintiff has not presented any evidence to rebut that assertion. More importantly, Plaintiff has also failed to produce any evidence demonstrating that he was harmed by the two-month delay in being taken to the ENT.[6] *Gibson*, 433 F.3d at 646 (8th Cir. 2006) (explaining that, to avoid summary judgment, an inmate must place verifying medical evidence in the record to establish the detrimental effect of the alleged delay in medical treatment); *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (same).

In a similar vein, Plaintiff contends that Defendant was deliberately indifferent when she failed to respond to his April 2, 2014 grievance seeking treatment for an ear infection. There is a factual dispute as to whether Defendant knew about the April 2,

---

surgery. *Doc. 17, Ex. 2.*

[6] Plaintiff asserts that his hearing has been permanently damaged by the improper medical care he received at the MCDC for his ear pain. He, however, has not produced any evidence to support that assertion. Additionally, shortly after he was transferred to the ADC, Plaintiff had a hearing test which determined that he had *"no loss of hearing" Doc. 17, Ex. 5 at 10-11* (emphasis added),

2014 grievance.[7] However, that factual dispute is immaterial because Plaintiff has not produced any evidence demonstrating that he was harmed by not receiving medical treatment for his ear on or about April 2, 2014. To the contrary, it is *undisputed* that Plaintiff's ears were clear and showed *no signs of infection* when he was examined by the jail doctor two weeks later, on April 16, 2014.

Because Plaintiff has failed to produce any evidence establishing that Defendant violated his constitutional rights, she is entitled to qualified immunity and the inadequate medical care claim raised against her should be dismissed, with prejudice.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED that Defendant's Motion for Summary Judgment *(Doc. 15)* be GRANTED, and this case DISMISSED, WITH PREJUDICE.

Dated this 16th day of December, 2015.

                                            /s/ J. Thomas Ray
                                      UNITED STATES MAGISTRATE JUDGE

---

[7] The notation of the bottom of the April 2, 2014 grievance states that "the nurse has been notified." *Doc. 17, Ex. 2 at 10.* In contrast, Defendant declares, in her affidavit, that she never received notice of that grievance. *Id., Ex. 1 at 3.*